UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| VICTOR A. SALAZAR, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.  4:04-CV-095 AS |
| v. | ) |
| | ) |
| SHERIFF WILLIAM W. SMOKEY | ) |
| ANDERSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### *OPINION AND ORDER*

Victor A. Salazar, Jr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in

a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Among the 33 pages of his complaint, Mr. Salazar makes a number of claims, some of which even appear plausible. Nevertheless, other parts of his complaint make clear that he is paranoid and mentally ill.

> [T]he plaintiff was unstable, tortured, and suicidal. The plaintiff under these conditions and mental anguish sliced open his left forearm about 5 inches in length.

Complaint at 4(d). "The plaintiff knows that inmates were being paid to assist jail staff and officers in their crime spree against the plaintiff." Complaint at 4(o).

> During the plaintiff's incarceration at the Tippecanoe County Jail, defendant unknown name #2, but known face female officer (who is now retired), did sneak into the plaintiff's "monitored cell" and did insert body fluids into the plaintiff's mouth while he slept. The plaintiff awoke to observe the defendant leaving his cell in a hurry. The plaintiff discovered a foul, salty, slime-like substance which made the plaintiff vomit. An inmate next door would bang on the plaintiff's wall and yell to him "how does my body fluids taste?" This inmate, and at times with other inmates would tease, harass, humiliate the plaintiff. The plaintiff again caught the defendant (who is now retired), attempting to insert body fluids into the plaintiff's mouth while he began to fall asleep. The plaintiff was awakened by the defendant's attempt. The plaintiff observed the defendant with a bag of body fluids in her hand and when she saw the plaintiff awakened, she evaded him and slammed the plaintiff's cell door shut. It should be noted that the plaintiff heard this defendant (who is now retired), and an inmate (who lived next door), discussing payment arrangements. The defendant asked the inmate what he wanted for

> his body fluids and the inmate replied that he could use some more commissary and the defendant replied for him to make out his order and she would take care of it. The plaintiff on another occasion observed (from his cell) [correctional officer] Carol Wilson handing out checks to inmates who waited in line to endorse.

Complaint at 4(m)-4(n).

> During the plaintiff's incarceration at the Tippecanoe County Jail, the plaintiff lost 30-40 pounds because the plaintiff could no longer eat body fluid/body wastes infested meals that inmates and jail staff provided for the plaintiff.

Complaint at 4(p).

> After one or 2 weeks of this abuse from inmates which consisted of the plaintiff waking up covered in foreign body fluids and having to eat body fluid contaminated meals, the plaintiff could no longer eat. The inmates complained and informed jail staff that they wanted him out because the plaintiff reeked and did not eat or bathe. The plaintiff was moved to the padded cell and was given a suicide gown and blanket. The plaintiff only drank water for a period of 14 to 20 days. The plaintiff remembers asking defendant [correctional officer] Craig #2 for some water and he replied first speak and act like a monkey which the defendant performed to show how he wanted the plaintiff to mimic his monkey act. The plaintiff did no such nonsense and defendant [correctional officer] Craig #2 denied the plaintiff of the water that would ease his painful stomach. About an hour or two later the defendant came and brought water in a styrofoam cup which the plaintiff drank quickly only to vomit it out later because it contained an unusual taste which the plaintiff later on found out to be consistent with urine, which made the plaintiff sick.

Complaint at 4(q).

Mr. Salazar is delusional. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ("delusional" is the polite word) that they're unbelievable,

3

even though there has been no evidentiary hearing to determine their truth or falsity.)

For the foregoing reasons, this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: May 10, 2005**

                                          **s/ ALLEN SHARP**
                                    **ALLEN SHARP, JUDGE**
                                    **UNITED STATES DISTRICT COURT**